# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHAEL R. DAVIDSON | )  CASE NO. 12-10541(1)(7) |
| | ) |
| Debtor | ) |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion and Application to Employ Auctioneer *Nunc Pro Tunc* of Debtor Michael Davidson ("Debtor"). Debtor seeks a *Nunc Pro Tunc Order* approving the employment of Joseph B. Bryant ("Bryant") as auctioneer pursuant to 11 U.S.C. § 327. The Court considered the Debtor's Motion, the Objection to the Application to Employ Joseph B. Bryant of Trustee Mark H. Flener ("Trustee"), the Objection of the United States Trustee John L. Daughtery ("UST"), the Reply to the Objections filed by Debtor and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Debtor's Motion.

## FACTUAL BACKGROUND

1. On April 16, 2012, Debtor filed a Voluntary Petition seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. After two Motions to Dismiss the case were filed by the UST, on November 28, 2012, Debtor filed a Motion to Convert the Case to Chapter 7 from Chapter 11. The Court granted the Debtor's Motion and converted the case to a Chapter 7 proceeding on November 29, 2012.

3. On December 3, 2012, Trustee Flener was appointed as Interim Trustee in this case. Following the Meeting of Creditors, the Trustee indicated that the asset status of the case could not yet be determined.

4. On July 16, 2013, the Trustee requested that the Clerk of the Bankruptcy Court notify the Debtor's creditors that the estate had assets to liquidate and distribute.

5. On October 31, 2013, the Trustee filed a Motion to Confirm Sale of Interest in 177 acres located in Morgan and Scott Counties, Tennessee. In this Motion, the Trustee reported that Debtor arranged to have Bryant auction estate property without the Trustee's consent or prior approval from this Court. By filing the Motion to Confirm, Trustee sought to retain the value of the auctioned property for the bankruptcy estate.

6. On December 20, 2013, this Court entered an Order granting the Motion to Confirm.

7. On May 13, 2014, Debtor filed the Application seeking this Court's Order approving Bryant's employment by the estate and that the employment be retroactively approved to some unspecified date. Both the Trustee and the UST filed Objections to the Application.

## LEGAL ANALYSIS

The Debtor seeks an Order approving, on a *nunc pro tunc* basis, his Application to Approve the Employment of Bryant as an auctioneer. As the UST notes in its Objection, only the Trustee has the authority to seek the Court's approval of the hiring of an auctioneer. *See*, 11 U.S.C. § 327(a). This Court previously held that a trustee may not employ a professional on behalf of an estate without the Court's prior approval. *See In re Alexander*, 469 B.R. 684, 686 (Bank. W.D. Ky. 2012), and cases cited therein. *See also*, 11 U.S.C. §§ 327(a) and 1107(a). The purpose of these Code sections is to allow the Court an opportunity to perform a screening process, verify the necessity of the appointment, limit estate expenses and promote efficient administration of the bankruptcy estate. *Id.* All of these purposes were thwarted by the employment of the auctioneer without the Trustee's knowledge and the Court's prior approval.

Debtor does not have standing to seek this Court's *nunc pro tunc* approval of Bryant's employment. Under the circumstances presented in Debtor's Motion and the accompanying Affidavit, there is insufficient basis for this Court to grant *nunc pro tunc* approval Bryant's employment. The facts of this case do not fall within the guidelines of "extraordinary circumstances" warranting this Court to exercise its discretion to grant *nunc pro tunc* relief under the factors set forth *In re Twinton Properties Partnership*, 27 B.R. 817, 819-20 (Bank. M.D. Tenn. 1983). The Court sees nothing more than oversight on the part of the Debtor, which does not justify the relief requested in the Debtor's Motion.

The Objections raised by the Chapter 7 Trustee and the UST have merit. Therefore, the Court will enter an Order denying the Motion and Application to Employ Auctioneer *Nunc Pro Tunc* of Debtor Michael Davidson.

## CONCLUSION

For all of the above reasons, the Court will enter an Order denying the Debtor's Motion and Application to Employ Auctioneer *Nunc Pro Tunc*.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 20, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL R. DAVIDSON ) | CASE NO. 12-10541(1)(7) |
| ) | |
| Debtor ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion and Application to Employ Auctioneer *Nunc Pro Tunc* of Debtor Michael Davidson, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 20, 2014